UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MORVANT DUPUIS**                            **CASE NO. 2:22-CV-02048**

**VERSUS**                                         **JUDGE JAMES D. CAIN, JR.**

**AMERICAN SECURITY INSURANCE CO**    **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 7), wherein Defendant, American Security Insurance Company ("American Security") moves to dismiss the instant lawsuit because Plaintiff, Morvant Dupuis, is not an insured or additional insured, or a third-party beneficiary.

## STATEMENT OF FACTS

On or about August 27, 2020, Hurricane Laura made landfall near Cameron, Louisiana. Plaintiff owned property in Lake Arthur, Louisiana which Plaintiff alleges was damaged as a result of the hurricane. American Security asserts the following facts, which Plaintiff does not oppose. During the relevant time period, American Security issued a policy of insurance for the dwelling. The named insured is the mortgagee/lender, PHH Mortgage.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially

responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

American Security maintains that Plaintiff does not have standing to enforce the insurance policy. To have standing to enforce an insurance policy, the plaintiff must be:

(1) a named insured; (2) an additional named insured; or (3) an intended third-party beneficiary of the policy. *Barbe v. Freedom Loan Servicing, LLC,* 383 F.Supp.3d 634, 641 (E.D. La. 2019) (citing *Brown v. Am. Modern Home Ins. Co.,* 2017 WL 2290268, at *4 (E.D. La. May 25, 2017); *Lee v Safeco Ins. Co., of Am.,* 2008 WL 2622997, at *2 (E.D. La. July 2, 2008).

Plaintiff is not a named insured or an additional named insured.  The issue at hand is whether or not, based on the policy language, Plaintiff is an intended third-party beneficiary.

Courts in this circuit have had ample opportunity to consider third-party beneficiary status under lender-placed homeowner's insurance policies. These policies are designed to insure the lender's collateral whenever the borrower fails to maintain adequate insurance coverage. *Williams*, 398 F. App'x at 46. Though the borrowers are typically listed on the policy and pay premiums through the lender, such circumstances are insufficient to create third-party beneficiary status unless the borrower is also due some sort of benefit under the policy. *Id.* Where, however, there is a definite benefit to the homeowner within the policy, he may be a third-party beneficiary. See *Lee*, 2008 WL 2622997 (E.D. La. Jul. 2, 2008) (stipulation *pour autrui* created where lender-placed policy provided that any loss payment exceeding the mortgagee's interest must be paid to homeowner).

American Security argues that because the Plaintiff is not a named insured or additional insured, she cannot enforce the policy. American Security further argues that Plaintiff is not third-party beneficiary of the policy. See *Joseph v. Hospital Service District No. 2 of the Parish of St. Mary,* 939 So.2d 1206, 1212 (La. 10/15/06). A stipulation *pour*

*autrui* is never presumed; the party claiming the benefit [Plaintiffs] must show that such a stipulation in their favor exists. To do so, a plaintiff must show that (1) the contract in question "manifests a clear intention" to confer a benefit on them, (2) there is certainty as to the benefit owed, and (3) the benefit in question is not a "mere incident of the contract." *Joseph,* 939 So.2d at 1214. In other words, the contract must confer a specific "direct benefit" in favor of the third party. *Joseph,* 939 So.2d at 1214 ("Simply stated, in the absence of a direct benefit conferred by the contract, the doctors cannot be third party beneficiaries. . .").

Lender-placed policies are designed to insure the lender's collateral whenever the borrower fails to maintain adequate insurance. *Williams v. Certain Underwriters at Lloyd's of London*, 398 Fed. Appx. 44 (5th Cir. 2010) (homeowner was not a third party beneficiary of lender placed policy where all policy benefits were payable to the lender) *cf. Lee v. Safeco Insurance Co. of America,* 2008 WL 2622997 (E.D. La. July 2, 2008) (homeowner qualified as a third-party beneficiary where homeowner could potentially recover, as direct payee, amounts in excess of the lender's interest) and *D'Juve v. Am. Modern Home Ins. Co.,* 2015 WL 1650259, at *2 (E.D. La. Ap. 14, 2015) (same as *Lee* in that the plaintiff might have qualified as a third-party beneficiary under the policy language; however, the losses that she claimed did not exceed the lender's interest). See also, *Brown, supra,* at *5, discussion of American Modern policy (same as *D'Juve*).

The lender-placed policy purchased by the lender protects the lender's interest in the property and Plaintiff has failed to show that the policy confers any direct benefit on her.

## CONCLUSION

For the reasons stated above, the Motion for Summary Judgment (doc. 7) will be **GRANTED** dismissing this lawsuit with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 18th day of January, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE